1   Christopher T. Casamassima (State Bar No. 211280)
2   chris.casamassima@kirkland.com
    Sharre S. Lotfollahi (State Bar No. 258913)
3   sharre.loftollahi@kirkland.com
    KIRKLAND & ELLIS LLP
4   333 South Hope Street
5   Los Angeles, California 90071
    Telephone:  (213) 680-8400
6   Facsimile:  (213) 680-8500

7

8   Attorneys for Plaintiff
    HARD CANDY, LLC
9

```
FILED
CLERK, U.S. DISTRICT COURT

APR 1 4 2010
11:17 am

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY
```

10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13                    WESTERN DIVISION

14

15   HARD CANDY, LLC, a Florida limited   )   Case No. CV10-02700 CAS
     liability company,                   )                      (JEMx)
16                                        )
             Plaintiff,                   )
17                                        )   COMPLAINT FOR (1)
         vs.                              )   CANCELLATION OF DEFENDANT'S
18                                        )   TM REGISTRATION FEDERAL; (2)
     SCOTT C. TUSCANI d/b/a "HARD         )   TRADEMARK INFRINGEMENT; (3)
19   CANDY", an individual residing in    )   FEDERAL UNFAIR COMPETITION;
     California,                          )   (4) COMMON LAW UNFAIR
20                                        )   COMPETITION; (5) DILUTION; (6)
21           Defendant.                   )   UNFAIR COMPETITION (CAL. BUS.
                                          )   & PROF. CODE §§ 17200, ET. SEQ.);
22                                        )   AND DEMAND FOR JURY TRIAL
                                          )
23                                        )
                                          )
24                                        )
                                          )
25                                        )
                                          )
26   ─────────────────────────────────   )

27

28

                            COMPLAINT

1
2
3
4

**COMPLAINT FOR (1) CANCELLATION OF DEFENDANT'S TM
REGISTRATION; (2) FEDERAL TRADEMARK INFRINGEMENT; (3)
FEDERAL UNFAIR COMPETITION; (4) COMMON LAW UNFAIR
COMPETITION; (5) DILUTION; AND (6) STATE UNFAIR COMPETITION**

5
6
7

Plaintiff, HARD CANDY, LLC, by its undersigned attorneys, hereby sues Defendant, SCOTT C. TUSCANI d/b/a HARD CANDY ("Defendant" or "TUSCANI"), an individual, and alleges as follows:

8
9

**JURISDICTION AND VENUE**

10
11
12

1.     HARD CANDY, LLC is a corporation organized and existing under the laws of the State of Florida, and having its principal place of business in Hollywood, Florida.

13
14

2.     TUSCANI, on information and belief, is an individual residing in Carpinteria, California, which is in Santa Barbara County.

15
16
17
18
19

3.     This is a civil action for federal trademark infringement, cancellation of TUSCANI's trademark registration(s), federal unfair competition, common law unfair competition, unfair competition under California Business and Professions Code §§ 17200 *et. seq.*, dilution arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051-1127, and the applicable common law.

20
21
22

4.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (trademark and unfair competition).

23
24
25

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) in that HARD CANDY LLC's controversy arises in this District, where Defendant TUSCANI resides.

26
27
28

1

## GENERAL ALLEGATIONS

2

### HARD CANDY, LLC's use of the *Hard Candy* trademark

3        6.      HARD CANDY, LLC is a company in the business of manufacturing

4   goods in the fashion and beauty industry primarily for teenage girls and young female

5   adults, including but not limited to cosmetics and fragrances under the trademark

6   *Hard Candy*.  HARD CANDY, LLC's products are currently sold in Wal-Mart retail

7   stores across the country, and on Wal-Mart's website, www.walmart.com.  HARD

8   CANDY, LLC maintains an internet website at www.hardcandy.com, where *Hard*

9   *Candy's* products are displayed with a link to Wal-Mart's website for customers

10   interested in purchasing the products.

11        7.      Cosmetics and fragrances are the flagship products HARD CANDY,

12   LLC has marketed under the *Hard Candy* marks.  HARD CANDY LLC's predecessor

13   founded the company in 1995 when it created and marketed a *Hard Candy* nail polish.

14   At that time, HARD CANDY, LLC's predecessor filed a U.S. trademark application

15   for that product, which matured into Federal Trademark Registration No. 1987262,

16   issued July 16, 1996.  The next year, HARD CANDY, LLC's predecessor filed

17   another application under the name *Hard Candy* for cosmetics, including lipstick,

18   lipliner, mascara, etc., which matured into Federal Trademark Registration No.

19   2150397.  HARD CANDY, LLC owns these Registrations and marks, and they are

20   still valid and effective today.

21        8.      Since then, HARD CANDY, LLC and its predecessors have adopted and

22   continuously used in interstate commerce the trademark *Hard Candy* or, in certain

23   instances, *HC*.

24        9.      Under HARD CANDY, LLC's control, the *Hard Candy* brand and marks

25   have flourished and expanded.  In fact, since 1995, HARD CANDY, LLC has filed at

26   least 32 trademark applications with the U.S. Patent and Trademark Office

27   ("USPTO") for the following non-exclusive list of goods: cosmetics, toilet water, nail

28   polish, hair care products, perfume, cologne, essential oils, alcoholic beverages,

clocks, jewelry, watches, eyeglasses, bed sheets, towels, blankets, throws, bed linens, curtains, bath linens, bed canopies, bed skirts, bed spreads, cloth doilies, comforters, linens, knitted fabrics, pillow cases, candy, leather goods, consumer electronics, water, energy drinks, fruit drinks, beauty drinks, foods, namely chocolates, gum, caramels, crackers, school supply kits, picture frames, toys, and furniture.

10.    In addition, HARD CANDY, LLC's predecessor created a *Hard Candy* Internet domain name as early as July 6, 1997 at "www.hardcandy.com".  HARD CANDY, LLC has used this domain name consistently since that time and through the present to sell or advertise *Hard Candy* products.

11.    HARD CANDY, LLC's *Hard Candy* marks are incontestible pursuant to 15 U.S.C. § 1115.  In any event, HARD CANDY, LLC's trademarks are fanciful marks or at least suggestive marks, and as such are inherently distinctive. Alternatively, there is no question that HARD CANDY LLC's trademarks have acquired a secondary meaning from its continuous use of the trademarks in interstate commerce, and the public's association of the *Hard Candy* name with its business.

12.    In early 2009, HARD CANDY, LLC decided to license its trademark for various product lines in closely-related fashion and accessory categories, including but not limited to clothing, leather goods, watches, eyeglasses and bedding.  Therefore, at that time, HARD CANDY, LLC filed several "intent to use" trademark applications for the aforementioned products with the USPTO.

13.    On or about August 2009, HARD CANDY, LLC began selling its products exclusively through Wal-Mart Stores across the United States, both at Wal-Mart's retail locations and on Wal-Mart's website, "www.walmart.com".

14.    *Hard Candy* was an immediate hit at Wal-Mart, and Wal-Mart asked HARD CANDY, LLC to expand its *Hard Candy* product line to include a full line of fashion-related products under the *Hard Candy* trademark to trade off of the goodwill and fame that the *Hard Candy* name has acquired in the industry.

15.    Accordingly, HARD CANDY, LLC has planned and is in the midst of

3

COMPLAINT

implementing an extensive launch of *Hard Candy* products at Wal-Mart, including clothing, apparel, furniture, bedding, and more.

16.     The new product line being launched is entirely within the reasonable zone of expansion from HARD CANDY, LLC's prior use of the *Hard Candy* trademarks.

**Defendant's Infringing Use of the *Hard Candy* Mark.**

17.     On February 7, 2003, Defendant applied for trademark registration of the identical word mark, *Hard Candy*, with the USPTO for Clothing. This application was granted under Registration No. 2,819,833 issued on March 2, 2004.

18.     Specifically — and critically — Defendant registered the *Hard Candy* trademark for "Clothing in the nature of swimwear, sportswear, streetwear, and motorcycle roadwear, and gym wear, namely, t-shirts, shorts, baseball caps, beanies, chemises, camisoles, panties, boxer shorts, briefs, sweaters, jackets, blazers, shoes, boots, athletic shoes, socks, galoshes, wind resistant jackets, shirts, blouses, pants, slacks, swimsuits, bras, headbands, hats, slips, nightgowns, robes, gowns, bodysuits, coats, jeans, bluejeans, underwear, sweatshirts, bustiers, gloves, mittens, stockings, tights, pantyhose, scarves, vests, halter tops, tube tops, tank tops, leggings, footies, raincoats, ear muffs, turtlenecks, ties, kerchiefs, sneakers, and bandanas."

19.     Upon information and belief, during the same year he filed this trademark application, Defendant discontinued — without an intent to resume — any and all use of the *Hard Candy* mark for the goods listed in Reg. No. 2,819,833.

20.     On June 25, 2009, HARD CANDY, LLC filed a Petition for Cancellation with the USPTO ("Petition") of Defendant's *Hard Candy* trademark, Registration No. 2,819,833, on the basis that Defendant had abandoned the registered mark and is no longer entitled to maintain its registration. This proceeding remains pending in the Trademark Trial And Appeal Board, as Cancellation No. 92051157 ("TTAB Action").

21.     Upon information and belief, after HARD CANDY, LLC filed this Petition, Defendant began attempting to revive the mark as part of an improper and

1   manipulative effort to conceal his non-use and manufacture a litigation position

2   against HARD CANDY, LLC.

3       22.   Additionally, upon information and belief, Defendant never used the

4   *Hard Candy* mark at all for a majority of the goods listed in Reg. No. 2,819,833.

5       23.   Upon information and belief, up to and until at least May 2009,

6   Defendant had a *de minimus,* if any, Internet presence.

7       24.   Recently, Defendant has created a website named

8   "www.hardcandyclothing.com" to advertise and sell his *Hard Candy* products.

9       25.   Defendant has also now commenced a website registration binge,

10  registering the following <u>seventy-five</u> (75) additional *Hard Candy* websites: hard-

11  candy.net, hard-candy.us, hardcandyclothing.com, hardcandygear.com,

12  hardcandygirl.net, hardcandyindustries.com, hard-candystore.com,

13  hardcandystore.com, hrd-cndy.com, hrd-cndy.info, hrd-cndy.net, hrd-cndy.org, hrd-

14  cndy.us, livehardcandy.com, livehardcandy.info, livehardcandy.net,

15  livehardcandy.org, livehardcandy.us, hardcandycouture.net, hardcandycouture.org,

16  hardcandydesigns.net, hardcandydesigns.org, hardcandyentertainment.com,

17  hardcandyfashion.com, hardcandyfashion.net, hardcandyfashion.org,

18  hardcandygear.net, hardcandygear.org, hardcandygems.com, hardcandygirl.org,

19  hardcandygraphics.com, hardcandygraphics.net, hardcandygraphics.org,

20  hardcandykink.com, hardcandystore.com, hardcandystore.org, hardcandystreet.com,

21  hardcandystreet.net, hardcandystreet.org, hardcandystyle.com, hardcandystyle.net,

22  hardcandystyle.org, realhardcandy.com, realhardcandy.net, realhardcandy.org,

23  sweethardcandy.com,  sweethardcandy.org, hardcandybeauty.com,

24  hardcandybeauty.net, hardcandybeauty.org, hardcandybrand.com,

25  hardcandybrand.net, hardcandybrand.org, hardcandyclothing.net,

26  hardcandyclothing.org, hardcandycollection.com, hardcandycollection.net,

27  hardcandycollection.org, hardcandyculture.com, hardcandyculture.net,

28  hardcandyculture.org, hardcandyint.com, hardcandyint.net, hardcandyint.org,

1   hardcandylife.com, hardcandylife.net, hardcandylife.org, hardcandyorganics.com,

2   hardcandyorganics.net, hardcandyorganics.org, hardcandyworld.com,

3   hardcandyworld.net, hardcandyworld.org, tastehardcandy.com, tastehardcandy.net,

4   and tastehardcandy.org.

5       26.    Additionally, on March 4, 2010, Defendant filed for a new trademark

6   registration (Serial No. 77950899) for the word mark *Hard Candy* for "On-line retail

7   store services featuring clothing, apparel and fashion accessories; retail stores

8   featuring clothing, apparel, and fashion accessories; retail clothing and apparel stores;

9   wholesale distributorship featuring clothing and apparel" — claiming a first use in

10  commerce.

11      27.    Defendant's actions have and will cause HARD CANDY, LLC

12  irreparable harm for which money damages and other remedies are inadequate.

13  Unless Defendant is restrained by this Court, Defendant will continue and/or expand

14  the improper activities alleged in this Complaint and otherwise continue to cause great

15  and irreparable damage and injury to HARD CANDY, LLC, through *inter alia:*

16          a. Depriving HARD CANDY, LLC of its statutory rights to use and control

17             use of its exclusive trademarks;

18          b. Creating a likelihood of confusion, mistake and deception among

19             consumers and the trade as to the source of the infringing products;

20          c. Causing the public to falsely associate HARD CANDY, LLC and

21             Defendant's respective but identical *Hard Candy* marks;

22          d. Causing incalculable and irreparable damage to HARD CANDY, LLC's

23             goodwill and the dilution of the value of its trademarks.

24      28.    Accordingly, in addition to other relief sought, HARD CANDY, LLC is

25  entitled to preliminary and permanent injunctive relief against Defendant and against

26  all persons acting in concert with him.

27  **I.    CANCELLATION OF DEFENDANT'S REGISTRATION**

28      29.    HARD CANDY, LLC realleges and incorporates by reference the

COMPLAINT

  
1 allegations of paragraphs 1 through 28 inclusive, as though fully set forth herein.

2     30.    On or about February 7, 2003, TUSCANI filed an application with the

3 USPTO to register the *Hard Candy* mark, (Reg. No. 2,819,833). A true and correct

4 copy of Registration No. 2,819,833 is attached hereto as Exhibit A.

5     31.    Specifically, Defendant registered the *Hard Candy* trademark for

6 "Clothing in the nature of swimwear, sportswear, streetwear, and motorcycle

7 roadwear, and gym wear, namely, t-shirts, shorts, baseball caps, beanies, chemises,

8 camisoles, panties, boxer shorts, briefs, sweaters, jackets, blazers, shoes, boots,

9 athletic shoes, socks, galoshes, wind resistant jackets, shirts, blouses, pants, slacks,

10 swimsuits, bras, headbands, hats, slips, nightgowns, robes, gowns, bodysuits, coats,

11 jeans, bluejeans, underwear, sweatshirts, bustiers, gloves, mittens, stockings, tights,

12 pantyhose, scarves, vests, halter tops, tube tops, tank tops, leggings, footies, raincoats,

13 ear muffs, turtlenecks, ties, kerchiefs, sneakers, and bandanas."

14     32.    On or about March 2, 2010, TUSCANI filed a Declaration of Use and/or

15 Excusable Nonuse of Mark in Commerce under Section 8 to the Commissioner for

16 Trademarks, attached hereto as Exhibit B ("Declaration").

17     33.    In this Declaration, TUSCANI declares that he is using all of the specific

18 classes listed above, except, "boots, athletic shoes, galoshes, [and] sneakers."

19     34.    Upon information and belief, this Declaration is demonstrably false.

20     35.    Upon information and belief, TUSCANI has never used the *Hard Candy*

21 mark for bandanas, blazers, blouses, bluejeans, bodysuits, boxer shorts, bustiers,

22 coats, corsettes, ear muffs, footies, garter belts, gloves, gowns, halter tops, headbands,

23 jackets, jeans, kerchiefs, mittens, nightgowns, pajamas, pantyhose, petticoats,

24 raincoats, robes, slacks, slips, socks, stockings, teddies, ties, tube tops, tank tops,

25 turtlenecks, vests or wind resistant jackets – all categories of clothing which

26 TUSCANI falsely stated in his application and in his Declaration that he is using in

27 commerce.

28     36.    Additionally, upon information and belief, in 2003 — the same year

Defendant filed an application for U.S. trademark registration — Defendant discontinued, without an intent to resume, any and all use of the *Hard Candy* mark for the goods listed in Reg. No. 2,819,833.

37.    Upon information and belief, only after HARD CANDY, LLC's June 25, 2009 filing of a Petition for Cancellation of Defendant's *Hard Candy* trademark on the basis that Defendant had abandoned the registered mark, did Defendant begin to attempt to revive the mark as part of an improper and manipulative effort to conceal his non-use and manufacture a litigation position against HARD CANDY, LLC.

38.    Because TUSCANI's statements in the application and Declaration were knowingly false, TUSCANI's *Hard Candy* trademark (Reg. No. 2,819,833) was obtained fraudulently and must be canceled.

39.    Additionally, TUSCANI's non-use of the *Hard Candy* mark for more than three (3) consecutive years is prima facie evidence of abandonment pursuant to Lanham Act, 15 U.S.C. § 1127.

WHEREFORE, HARD CANDY, LLC requests that this Court enter judgment against Defendant as further set forth in the Prayer for Relief below.

## II.    FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §§ 1114 – 1117; Lanham Act § 32)

40.    HARD CANDY, LLC realleges and incorporates by reference the allegations of paragraphs 1 through 39, inclusive, as though fully set forth herein.

41.    Without HARD CANDY, LLC's consent, Defendant has used the *Hard Candy* mark, which infringes on the *Hard Candy* marks previously registered and brought to the marketplace by HARD CANDY, LLC.

42.    Specifically, HARD CANDY, LLC's *Hard Candy* trademarks, Registration Nos. 1,987,262, 2,150,397, 2,666,792, 2,666,793, 2,343,732, 2,362,340, 2,552,029, and 2,567186, are being infringed upon by Defendant's *Hard Candy* trademark, Registration No. 2,819,833.

43.    TUSCANI's infringing mark is identical to those of HARD CANDY,

1    LLC.

2        44.    TUSCANI's infringing mark, whose target market also includes teenage

3    girls and young female adults, is likely to cause confusion, mistake, or deception as to

4    its source, affiliation, origin connection, association, or sponsorship.

5        45.    Additionally, clothing and apparel — the goods purportedly produced by

6    Defendant under his *Hard Candy* trademark (2,819,833) — are well within the zone

7    of natural expansion of HARD CANDY, LLC's marks, given HARD CANDY, LLC's

8    senior use of the *Hard Candy* mark in the cosmetics, fragrance, skin care, hair care

9    and beauty products market.  In fact, HARD CANDY, LLC has developed and is

10   implementing a plan to expand into the apparel market in a significant manner.

11       46.    Consumers and retailers who sell HARD CANDY, LLC's products also

12   believe that apparel is in HARD CANDY, LLC's zone of natural expansion.

13       47.    Moreover, HARD CANDY, LLC's *Hard Candy* fragrance, cosmetics,

14   and other beauty products are related or complementary goods to the *Hard Candy*

15   apparel and fashion line, and buyers are likely to assume a common source or

16   sponsorship of the goods.

17       48.    Further, Defendant's activities are likely to lead the buying public to

18   conclude, incorrectly, that his products and improper infringing use of the *Hard*

19   *Candy* mark originates with, is authorized by, or is associated with HARD CANDY,

20   LLC's *Hard Candy* brand which HARD CANDY, LLC has been building since 1995.

21       49.    Increasing this likelihood of confusion, Defendant is selling or

22   advertising his *Hard Candy* goods on a website titled

23   "www.**hardcandy**clothing.com" (emphasis added), and has recently registered an

24   additional seventy-five (75) "hard candy" websites.

25       50.    As a result of his wrongful conduct, Defendant is liable to HARD

26   CANDY, LLC for trademark infringement.  15 U.S.C. § 1114(1).  HARD CANDY,

27   LLC has suffered, and will continue to suffer monetary damages which it is entitled to

28   recover, including any and all profits Defendant has made as a result of his wrongful

COMPLAINT

1    conduct, as minimal as they may be.  15 U.S.C. § 1117(a).

2         51.   HARD CANDY, LLC is also entitled to injunctive relief pursuant to 15

3    U.S.C. § 1116(a), as HARD CANDY, LLC has no adequate remedy at law.

4         52.   HARD CANDY, LLC is further entitled to recover its attorneys' fees and

5    costs.  15 U.S.C. § 1117.

6         WHEREFORE, HARD CANDY, LLC requests that this Court enter judgment

7    against Defendant as further set forth in the Prayer for Relief below.

8                      **III.    FEDERAL UNFAIR COMPETITION**

9                **(False Designation of Origin and False Description)**

10                  **(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

11        53.   HARD CANDY, LLC realleges and incorporates by reference the

12   allegations of paragraphs 1 through 52, inclusive, as though fully set forth herein.

13        54.   Because HARD CANDY, LLC advertises, markets, distributes and

14   licenses its products under the *Hard Candy* marks, these marks are the means by

15   which HARD CANDY, LLC's products are distinguished from those of others in the

16   same or related fields.

17        55.   Defendant's conduct constitutes the improper use of the same term —

18   *Hard Candy* — to describe its infringing products.  HARD CANDY, LLC has spent

19   substantial sums in promotion and has generated substantial revenues in association

20   with its products provided under the *Hard Candy* mark.  The distinctive *Hard Candy*

21   mark has become impressed upon the minds of the trade and public as identifying

22   HARD CANDY, LLC's fashion and beauty industry-related products, and as

23   indicating the source of origin of such services provided in association with the *Hard*

24   *Candy* mark as emanating from HARD CANDY, LLC.  HARD CANDY, LLC has

25   built-up a large and valuable business in the use of the *Hard Candy* mark, and the

26   reputation and goodwill in the mark is of great value to HARD CANDY, LLC.

27        56.   Defendant is using and has used, marketed and offered for sale his goods

28   through the use of the *Hard Candy* mark with the purpose of misleading, deceiving or

                                            10
                                        COMPLAINT

1  confusing customers and the public as to the origin and authenticity of the services

2  and of trading upon HARD CANDY, LLC's goodwill and reputation.  Defendant's

3  conduct as described herein also constitutes an attempt to trade on the goodwill that

4  HARD CANDY, LLC has developed in the *Hard Candy* mark, all to the damage of

5  HARD CANDY, LLC.

6        57.    Additionally, Defendant has engaged in cyber-squatting by registering at

7  least forty-seven (47) "hard candy" websites, as described *supra*, which are

8  confusingly similar to HARD CANDY, LLC's trademarks, with a bad faith intent to

9  profit. Defendant's use in commerce of the infringing domain names which are

10  confusingly similar to the *Hard Candy* mark, despite Defendant having actual and

11  constructive notice of HARD CANDY, LLC's prior rights in and to the *Hard Candy*

12  mark, constitutes intentional conduct by Defendant to make false designations of

13  origin about his products and commercial activities.

14        58.    Defendant's conduct is likely to cause confusion, mistake or deception by

15  or in the public as to the affiliation, connection, association, origin, sponsorship or

16  approval of the infringing products to the detriment of HARD CANDY, LLC and in

17  violation of 15 U.S.C. § 1125(a)(1).

18        59.    Defendant's wrongful conduct is likely to continue unless restrained and

19  enjoined.

20        WHEREFORE, HARD CANDY, LLC seeks temporary and permanent

21  injunctive relief, damages and treble damages in an amount to be proven at trial,

22  attorneys' fees and costs, disgorgement of any and all gains, profits and advantages

23  derived from Defendant's unlawful activities, and such other relief as the court deems

24  just and proper, as further set forth in the Prayer for Relief below.

25                    **IV.    UNFAIR COMPETITION**

26                         **(Common law)**

27        60.    HARD CANDY, LLC realleges and incorporates by reference the

28  allegations of paragraphs 1 through 59, inclusive, as though fully set forth herein.

1    61.    Defendant's use of the *Hard Candy* mark and infringement of HARD

2    CANDY, LLC's marks constitutes unlawful and unfair business practices.

3    62.    Defendant is using and has used, marketed and offered for sale his goods

4    through the use of the *Hard Candy* mark with the purpose of misleading, deceiving or

5    confusing customers and the public as to the origin and authenticity of the services

6    and of trading upon HARD CANDY, LLC's goodwill and reputation.

7    63.    As a direct and proximate result of Defendant's misconduct, HARD

8    CANDY, LLC has suffered damages.

9    WHEREFORE, HARD CANDY, LLC requests that this Court enter judgment

10   against Defendant as further set forth in the Prayer for Relief below.

11   ## V.    FEDERAL DILUTION

12   ### (15 U.S.C. § 1125(c); Lanham Act § 43(a))

13   64.    HARD CANDY, LLC realleges and incorporates by reference the

14   allegations of paragraphs 1 through 63, inclusive, as though fully set forth herein.

15   65.    The *Hard Candy* marks are distinctive and famous within the meaning of

16   the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c) ("Dilution Act").

17   66.    Defendant's activities as alleged herein constitute dilution of the

18   distinctive quality of the *Hard Candy* marks in violation of the Dilution Act.

19   67.    HARD CANDY, LLC is entitled to injunctive relief pursuant to 15

20   U.S.C. § 1125(c).

21   68.    Defendant has used, advertised, marketed and offered for sale their goods

22   using the *Hard Candy* name with the purposes of misleading, deceiving or confusing

23   customers and the public as to the origin and authenticity of the services and of

24   trading upon HARD CANDY, LLC's goodwill and reputation.

25   69.    Because Defendant willfully intended to tread on HARD CANDY,

26   LLC's reputation or to cause dilution of the *Hard Candy* marks, HARD CANDY,

27   LLC is entitled to damages, extraordinary damages, fees and costs pursuant to 15

28   U.S.C. § 1125(c)(2).

1    WHEREFORE, HARD CANDY, LLC requests that this Court enter judgment

2  against Defendant as further set forth in the Prayer for Relief below.

3            **VI.    VIOLATION OF LANHAM ACT § 43(d)**

4              **(Anti-Cybersquatting Consumer Protection Act)**

5    70.    HARD CANDY, LLC realleges and incorporates by reference the

6  allegations of paragraphs 1 through 69, inclusive, as though fully set forth herein.

7    71.    Upon information and belief, up to and until at least May 2009,

8  Defendant had a *de minimus,* if any, Internet presence.

9    72.    Recently, Defendant has created a website named

10  "www.hardcandyclothing.com" to advertise and sell its *Hard Candy* products.

11    73.    Defendant has also now commenced a website registration binge,

12  registering the following <u>seventy-five</u> (75) additional *Hard Candy* websites: hard-

13  candy.net, hard-candy.us, hardcandyclothing.com, hardcandygear.com,

14  hardcandygirl.net, hardcandyindustries.com, hard-candystore.com,

15  hardcandystore.com, hrd-cndy.com, hrd-cndy.info, hrd-cndy.net, hrd-cndy.org, hrd-

16  cndy.us, livehardcandy.com, livehardcandy.info, livehardcandy.net,

17  livehardcandy.org, livehardcandy.us, hardcandycouture.net, hardcandycouture.org,

18  hardcandydesigns.net, hardcandydesigns.org, hardcandyentertainment.com,

19  hardcandyfashion.com, hardcandyfashion.net, hardcandyfashion.org,

20  hardcandygear.net, hardcandygear.org, hardcandygems.com, hardcandygirl.org,

21  hardcandygraphics.com, hardcandygraphics.net, hardcandygraphics.org,

22  hardcandykink.com, hardcandystore.com, hardcandystore.org, hardcandystreet.com,

23  hardcandystreet.net, hardcandystreet.org, hardcandystyle.com, hardcandystyle.net,

24  hardcandystyle.org, realhardcandy.com, realhardcandy.net, realhardcandy.org,

25  sweethardcandy.com, sweethardcandy.org hardcandybeauty.com,

26  hardcandybeauty.net, hardcandybeauty.org, hardcandybrand.com,

27  hardcandybrand.net, hardcandybrand.org, hardcandyclothing.net,

28  hardcandyclothing.org, hardcandycollection.com, hardcandycollection.net,

hardcandycollection.org, hardcandyculture.com, hardcandyculture.net,
hardcandyculture.org, hardcandyint.com, hardcandyint.net, hardcandyint.org,
hardcandylife.com, hardcandylife.net, hardcandylife.org, hardcandyorganics.com,
hardcandyorganics.net, hardcandyorganics.org, hardcandyworld.com,
hardcandyworld.net, hardcandyworld.org, tastehardcandy.com, tastehardcandy.net,
and tastehardcandy.org.

74.    These domain names are identical or confusingly similar to HARD
CANDY, LLC's trademarks, which were distinctive at the time of Defendant's
registration of the domain name.  In fact, HARD CANDY, LLC's marks are
"incontestable marks."

75.    Additionally, on March 4, 2010, Defendant filed for a new trademark
registration (Serial No. 77950899) for the word mark *Hard Candy* for "On-line retail
store services featuring clothing, apparel and fashion accessories; retail stores
featuring clothing, apparel, and fashion accessories; retail clothing and apparel stores;
wholesale distributorship featuring clothing and apparel" — claiming a first use in
commerce.  A true and correct copy of this registration, Serial No. 77950899, is
attached hereto as Exhibit C.

76.    Defendant's registration of these seventy-six (76) domain names, which
are confusingly similar to HARD CANDY, LLC's trademarks, constitutes cyber-
squatting with bad faith intent to profit from HARD CANDY, LLC's marks.

77.    Defendant's registration of Serial No. 77950899 for online retail store
services is further confusingly similar to HARD CANDY, LLC's trademarks, and
website, www.hardcandy.com.

WHEREFORE, HARD CANDY, LLC requests that this Court enter judgment
against Defendant as further set forth in the Prayer for Relief below.

## VII.   CALIFORNIA UNFAIR COMPETITION
### (Cal. Bus. and Prof. Code § 17200 *et seq.*)

78.    HARD CANDY, LLC realleges and incorporates by reference the

allegations of paragraphs 1 through 77, inclusive, as though fully set forth herein.

79.     By engaging in the acts alleged above, which were done in the course of Defendant's purported attempt to conduct business, Defendant has intentionally caused a likelihood of confusion among the public or has misled or deceived the public and has thus unfairly competed with HARD CANDY, LLC in violation of Cal. Bus. & Prof. Code § 17200 *et seq*.

80.     Defendant has irreparably injured HARD CANDY, LLC and the consumer recognition and goodwill associated with HARD CANDY, LLC's products and trademarks, and such injury will continue unless enjoined by this Court.

81.     HARD CANDY, LLC is entitled to all remedies available under Cal. Bus. & Prof. Code § 17200, including but not limited to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, HARD CANDY, LLC prays that this Court grant it the following relief:

1.     A judgment that HARD CANDY, LLC's trademarks have been infringed by Defendant in violation of HARD CANDY, LLC's rights under common law and 15 U.S.C. § 1114.

2.     A judgment that Defendant's *Hard Candy* mark, Registration No. 2,819,833, shall be cancelled due to abandonment and/or fraud on the U.S. Patent and Trademark Office.

3.     A judgment that Defendant's *Hard Candy* mark, Serial No. 77950899, shall be denied and/or cancelled as it is confusingly similar to HARD CANDY, LLC's *Hard Candy* marks.

4.     A judgment that Defendant has competed unfairly with HARD CANDY, LLC in violation of HARD CANDY, LLC's rights under common law and 15 U.S.C. § 1125(a).

5.     A judgment that Defendant's activities are likely to, or have, diluted HARD CANDY, LLC's *Hard Candy* marks in violation of HARD CANDY, LLC's rights under common law and 15 U.S.C. § 1125(c).

6.     A judgment that Defendant, and each of his agents, employees, attorneys, successors, assigns, affiliates and joint venturers, and any person(s) in active concert or participation with him, be enjoined and restrained from:

a.     Advertising, promoting, selling, offering for sale, or distributing any services or products that use any words or symbols that so resemble the *Hard Candy* mark – including but not limited to the *Hard Candy* name — as to be likely to cause confusion, mistake or deception;

b.     Using any word, term, name, symbol, device or combination thereof which causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendant or his goods with HARD CANDY, LLC, with the *Hard Candy* mark, or as to the origin of Defendant's goods, or any false designation of origin, false or misleading description or representation of fact;

c.     Registering any domain name which includes the *Hard Candy* mark or which is confusingly similar to the *Hard Candy* mark;

d.     Further infringing the rights of HARD CANDY, LLC in and to any of its trademarks or otherwise damaging HARD CANDY, LLC's goodwill or business reputation;

e.     Otherwise competing unfairly with HARD CANDY, LLC in any manner; and

f.     Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint.

7.     A judgment requiring Defendant to transfer the registration of all seventy-six (76) domain names listed in paragraphs 71 and 72 herein to HARD CANDY, LLC.

8. A judgment requiring Defendant, within thirty (30) days after service of the Judgment demanded herein, to destroy all advertisements and marketing materials containing infringing materials.

9. A judgment requiring Defendant, within thirty (30) days after service of the Judgment demanded herein, to file with this Court and serve upon HARD CANDY, LLC's counsel a written report under oath setting forth in detail the manner in which Defendant has complied with the Judgment.

10. A judgment ordering that Defendant hold in trust, as constructive trustee for the benefit of HARD CANDY, LLC, its profits obtained from the infringement of HARD CANDY, LLC's *Hard Candy* mark.

11. A judgment ordering Defendant to provide HARD CANDY, LLC with a full and complete accounting of all amounts due and owing to HARD CANDY, LLC as a result of Defendant's illegal activities.

12. A judgment that HARD CANDY, LLC recover from Defendant damages in an amount to be proven at trial, including general, special, actual and statutory damages. Pursuant to 15 U.S.C. § 1117, the amounts should include HARD CANDY, LLC's damages and Defendant's profits, if any, trebled pursuant to 15 U.S.C. § 1117(b), or alternatively, enhanced statutory damages pursuant to 15 U.S.C. § 1117(c)(2), for Defendants' willful violations of the *Hard Candy* marks, and damages under common law.

13. A judgment ordering Defendant to pay HARD CANDY, LLC's reasonable attorneys' fees and costs.

14. A judgment that Defendant be required to pay HARD CANDY, LLC punitive damages for Defendant's oppression, fraud, malice and intentional misconduct.

15. A judgment for all such other relief as this Court deems just and proper.

///

///

///

1

## **DEMAND FOR JURY TRIAL**

2   HARD CANDY, LLC hereby demands trial by jury of all issues so triable.

3

4   DATED:  April 14, 2010                    Respectfully Submitted,

5

6

7                                          By: _____

8                                          KIRKLAND & ELLIS LLP
                                           Christopher T. Casamassima
9                                          Sharre S. Lotfollahi

10

11                                         *Attorneys for Plaintiff,*
                                           *Hard Candy, LLC*

12

13

14   Of counsel:

15   Kevin C. Kaplan (to be admitted *pro hac vice*)
     Gabriel Groisman (to be admitted *pro hac vice*)
16   COFFEY BURLINGTON, PL
17   2699 S. Bayshore Drive, Penthouse
     Miami, Florida 33133
18   Tel:  (305) 858-2900
19   Fax:  (305) 858-5261
     Email:  kkaplan@coffeyburlington.com
20           ggroisman@coffeyburlington.com

21

22

23

24

25

26

27

28

COMPLAINT

Name & Address:
Christopher T. Casamassima (SBN 211280)
Sharre S. Lotfollahi (SBN 258913)
Kirkland & Ellis LLP
333 S. Hope Street, Los Angeles, CA  90071
(213) 680-8400

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARD CANDY, LLC, a Florida limited liability company, <br><br> PLAINTIFF(S) <br><br> v. <br><br> SCOTT C. TUSCANI d/b/a "HARD CANDY", an individual residing in California, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV 10-02700 CAS (JEMx) <br><br><br> **SUMMONS** |

TO:     DEFENDANT(S): Scott C. Tuscani d/b/a Hard Candy

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Christopher T. Casamassima_____, whose address is _Kirkland & Ellis LLP, 333 S. Hope St., Los Angeles, CA  90071_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __04-14-2010__

By: _____
        Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**ORIGINAL**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> Hard Candy, LLC | **DEFENDANTS** <br> Scott C. Tuscani d/b/a "Hard Candy" |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> Christopher T. Casamassima  (213) 680-8400 <br> Sharre S. Lotfollahi <br> Kirkland & Ellis LLP, 333 South Hope Street, Los Angeles, CA  90071 | Attorneys (If Known) <br><br> Kurt Koenig (805) 965-4400 <br> Koenig and Associates <br> 920 Garden Street, Suite A, Santa Barbara, CA 93101 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT: $_____**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff brings claims pursuant to 15 U.S.C. §§ 1114-1117, 1125 and various state laws arising from Defendant's infringing use of the Hard Candy trademark.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

# CV10-02700

**FOR OFFICE USE ONLY:**    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                             ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                             ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                             ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Florida |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara |  |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
       **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| A substantial part of each claim alleged in the complaint arose in Santa Barbara County. |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date  4/14/2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV10- 2700 CAS (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.