UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| HARD CANDY, LLC, a Florida limited liability company, | ) ) ) | Case No.  CV10- 2700 CAS (JEMx) |
| Plaintiff, | ) ) | **[PROPOSED]** ~~[PROPOSED]~~ **ORDER RE JOINT STIPULATED PROTECTIVE ORDER** |
| vs. | ) ) ) | |
| SCOTT C. TUSCANI d/b/a "HARD CANDY", an individual residing in California, | ) ) ) ) | |
| Defendant. | ) | |

### JOINT STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), in order to facilitate discovery and particularly to facilitate the exchange during discovery of documents, things, information, testimony, and other evidence that comprise confidential information, and based on the stipulation of the parties through their counsel, as indicated below, and their request that the Court enter the following Order:

**IT IS HEREBY ORDERED** as follows:

### 1.    Types of Information for Protection Under This Order

Documents and things reasonably considered in good faith by a party to contain either:  (a) proprietary or confidential financial or business information, (b) technological or trade secret information, (c) proprietary or confidential sales or customer information, or (d) proprietary or confidential corporate or strategic planning information, may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY," depending on the sensitivity of the documents and things.  The designation "HIGHLY CONFIDENTIAL -- COUNSEL ONLY" shall be reserved for information that would, in the good faith belief of the producing party, be likely to cause harm to the competitive position of the producing party if disclosed to the party or non-party receiving the information.

The parties agree not to designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY" for the purpose of harassing the receiving party or for the purpose of unnecessarily restricting the receiving party's access to information concerning the lawsuit.  Documents and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY," and the information contained therein, shall be hereinafter referred to collectively as "Confidential Information."

### 2.    Legend

Each production item designated as Confidential Information shall bear the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY" in a conspicuous place on that item.

### 3.    Disclosure of Information Designated as "CONFIDENTIAL"

All documents and things produced by a party to this action for inspection and copying and which are designated as "CONFIDENTIAL" by the producing party, and the information contained therein, shall be kept confidential, and shall not be

communicated in any manner by the receiving party or parties, either directly or indirectly, to any person or entity other than:

(a)     Outside counsel for the parties in this action, and their respective associates, clerks, legal assistants, stenographic and support personnel, and other employees of such outside counsel;

(b)     In-house legal personnel who are responsible for and/or working directly in the prosecution or defense of this action, as well as the necessary support personnel such as paralegal, secretarial, and clerical personnel;

(c)     Up to four (4) employees, officers, directors, managers or members of the receiving party, other than those identified in paragraph 3(b), who are involved in or have responsibility for this action;

(d)     Independent experts and consultants, and the employees of such experts and consultants who are assisting them, retained for the purpose of assisting counsel in this litigation;

(e)     Any certified shorthand or court reporters or persons operating video equipment at depositions retained to report a deponent's testimony in this case;

(f)     Third party entities, and the employees of said third party entities, retained to provide support services in this action, such as jury consultants (not including mock jurors), document copying and imaging service providers, and graphics service providers;

(g)     The Court, including its clerks, reporters, and staff;

(h)     Any person who is an author or addressee of such document or thing, or a person copied thereof; and

(i)     Such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

Documents and things, and the information contained therein, designated as

[PROPOSED] ORDER RE JOINT STIPULATED PROTECTIVE ORDER

"CONFIDENTIAL" shall be received and used only for purposes directly related to this action and not for promotional, competitive, or other purposes.  If any document or thing, or the information contained therein, designated as "CONFIDENTIAL" is filed with the Court, it shall be filed consistent with the provisions of paragraph 8 below.

**4.** **Disclosure of Information Designated as "HIGHLY CONFIDENTIAL -- COUNSEL ONLY"**

All documents and things produced by a party to this action for inspection and copying and which are designated as "HIGHLY CONFIDENTIAL -- COUNSEL ONLY" by the producing party, and the information contained therein, are included within the meaning of "Confidential Information" as used in this Order, and all of the provisions of this Order that apply to information designated as "CONFIDENTIAL" also apply to material designated as "HIGHLY CONFIDENTIAL -- COUNSEL ONLY."  However, all documents, information, and other things designated as "HIGHLY CONFIDENTIAL -- COUNSEL ONLY" shall not be disclosed or communicated in any manner by the receiving party or parties, either directly or indirectly, to those persons listed in paragraph 3(c).  Furthermore, such documents and things, and the information contained therein, shall be used only for purposes directly related to this action and shall not be used by the parties or the parties' subsidiaries, employees, officers, directors, or agents for any other purpose.  In addition, documents and things designated as "HIGHLY CONFIDENTIAL -- COUNSEL ONLY" may be disclosed to persons in the category described by paragraph 3(b) above, but such persons shall keep any copies of such materials or materials containing the Confidential Information contained therein in locked physical facilities to which access is granted only to individuals in such category or on secure portions of electronic networks to which access is controlled and permitted only to such individuals.

**5.    Depositions**

If depositions are conducted in this action involving information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY" by a party, their content may be marked and treated in the same manner as documents and things.  In the event that a party gives notice that deposition testimony to be given may involve information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY" by a party, the portions of said depositions involving such information will be taken "in camera" with no one present except said attorneys, the reporter, the deponent, and such other persons as would be allowed to receive the information under paragraphs 3 and 4 above.  Documents, information, or other things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY" are not to be presented to a deponent absent a reasonable basis for believing that the deponent had access to the Confidential Information prior to the deposition.

A party may designate a deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY" by making a clear statement of the desired designation on the record at the deposition.  If no such notice is given at the deposition, deposition transcripts shall be considered "HIGHLY CONFIDENTIAL -- COUNSEL ONLY"  up to and including ten (10) days after delivery of the final transcript to the parties.  Counsel shall have ten (10) days after receipt of a final deposition transcript to designate the transcript, or portions thereof (by specific page and line numbers), as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY."

If any deposition testimony designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY" is filed with the Court, it shall be filed consistent with the provisions of paragraph 8 below.

**6.    Exclusion from Depositions**

Whenever any documents, information, or other things designated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY" are to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information, or other things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY."

**7.  Confidentiality Agreement**

Before the disclosure of Confidential Information to any person referred to in paragraph 3(b), (c), and (d) hereof, each such person shall execute a declaration, in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Order. The executed declarations shall be maintained by counsel for the party that has disclosed the Confidential Information.

**8.  Filing Under Seal**

All Confidential or Highly Confidential Information filed with the Court shall be filed under seal pursuant to the following procedures:

(a)  Entry of this Protective Order hereby constitutes "prior approval of the Court" under Local Rule 79-5.1, and submission of a document sealed in separate envelopes with a copy of the title page attached to the front of each envelope, as provided in Local Rule 79-5.1, together with a copy of this Order, constitutes compliance with Local Rule 79-5.1. No further order of the Court to authorize sealing will be required.

(b)  Where reasonably practicable, only confidential portions of filings with the Court shall be filed under seal. Information filed under seal shall be placed in sealed envelopes on which it shall be endorsed with the title to this action, the words "FILED UNDER SEAL," and a statement substantially in the following form:

"This envelope is sealed pursuant to order of the Court and contains Confidential Information [and/or Highly Confidential Information] filed

in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

The envelope shall not be opened without further order of the Court except by persons authorized to have access to such information pursuant to paragraph 3 or 4, as applicable. Any envelope containing information filed under seal that is an exhibit to a pleading shall also bear the name of the pleading. Where documents filed under seal are transmitted between the parties, the above message shall be placed on the transmitting letter, e-mail or facsimile cover sheet. A full and unredacted copy of any such submission may be provided directly to chambers, marked "Chambers Copy" and "Contains Confidential or Highly Confidential Information Subject to Protective Order."

(c)    As soon as practicable, but in no event later than ten calendar days after having filed paper copies of the submitted materials, the submitting party shall file with the court, for its public file, a copy of the submitted materials with the Confidential Information and/or Highly Confidential Information redacted.

(d)    If any party objects to identified portions of the materials remaining under seal, it shall, within ten business days of submission of the materials, state its objections in a letter sent by facsimile or electronic mail to counsel for all parties in this action. The interested parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution. Any revised public electronic filing, if any, of that submission shall be made by the submitting party within ten business days after the Court's decision resolving that dispute.

### 9.    Confidential Information at Trial or Hearing

In connection with any oral hearing, trial, or proceeding before the Court, prior to disclosure in open court of Confidential Information, attorneys for the party seeking to make such disclosures shall request at or before the oral hearing, trial, or

proceeding that the Court treat any Confidential Information necessary to be disclosed in relation to such hearing, trial or proceeding in a manner appropriate to protect the confidentiality of the information.

**10.    Challenge to  Designation as Confidential Information**

A party may seek to challenge the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY" designation made by another party.  In such event, the following procedure shall be utilized:

(a)    The party or person challenging the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY" designation shall give counsel of record for the other party written notice thereof, supported by reasons therefor, specifying the document, information, or other thing as to which the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY" designation is being challenged.

(b)    If the parties cannot reach agreement concerning the matter within ten (10) business days after delivery of the notice, or such shorter time as the Court may allow, then the party making the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY" designation may file and serve a motion for an Order of this Court for appropriate relief.  Any such motion shall be set for the earliest possible date on the Court's motion calendar, and shall not be continued without the consent of all parties. The party seeking to protect the information and/or document bears the burden, in any such motion, to establish the appropriateness of the protection or degree of protection sought.  If after ten (10) business days after delivery of the notice, or such other time as the parties may agree, the party making the designation fails to file a motion for an Order of this Court to retain the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY" designation, then the documents in dispute shall lose their designations.

(c)    If a party decides to alter or to remove a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY" designation, the producing party

shall produce to the other parties substitute copies of such documents bearing the desired designation.  The parties to whom the substitute copies of such documents are produced shall substitute the later produced documents for the previously produced documents, and destroy or return to the producing party the previously produced documents.

No party shall be obligated to challenge the propriety of the designation of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY" upon its production in this case, and a failure to do so shall not preclude any subsequent objection to such designation or motion for leave to disclose such material or the information contained therein to persons not referred to in this Order, or from otherwise modifying the provisions of this Order.

## 11.   **No Waiver**

Neither the acceptance by a party of any Confidential Information, as defined herein, nor the failure of a party to take any action to enforce the provisions of this Order shall constitute a concession that the information, document, or thing is or is not confidential or a trade secret.

## 12.   **Return of Information**

Those documents, deposition transcripts, or other information identified by any party as Confidential Information and all copies thereof, shall not be disclosed to any person who is not an authorized recipient, and shall be carefully maintained so as to preclude access by persons who are not authorized recipients.  Within thirty (30) days of the termination of this action (whether by settlement or final judgment and appeal, if any), unless otherwise ordered by the Court, such documents shall be destroyed or returned to the producing party.

In no event shall a party retain a copy of any Confidential Information produced to it, except that outside litigation counsel may keep one copy of pleadings, court filings, and discovery, including any Confidential Information contained therein, for archival purposes.  Nothing in this Order requires the return or destruction of attorney

[PROPOSED] ORDER RE JOINT STIPULATED PROTECTIVE ORDER

work-product or attorney-client communications of either party that is maintained and stored by counsel in the regular course of business.  Furthermore, nothing in this Order requires the return or destruction of Confidential Information filed with the Court.

### 13.     **Violations of the Protective Order**

If a party believes there has been a violation of this Order, the party shall provide written notice of such belief to all other parties.  The parties thereafter shall informally attempt to resolve the matter promptly, but the responding party shall have at least five (5) business days after receipt of the written notice of the alleged violation to investigate the assertion.  If the parties are unable to resolve the issue, then the party asserting that a violation has occurred may move the Court for relief and give written notice to all parties of its intent to so move.

### 14.     **Failure to Designate Information**

If through error or oversight, a party fails to properly designate a document, tangible thing, information, or testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY" at the time of production or disclosure, that party shall promptly notify the receiving party of such error or oversight when such error or oversight is discovered and shall specify in that notice the particular document(s), tangible thing(s), testimony, or information to be returned to the producing party or reclassified and shall specify the particular designation to be applied.  Thereafter, the receiving party shall treat such document(s), tangible thing(s), testimony, or information in the same manner as if it had been properly designated or classified originally, except to the extent that such information has already been disclosed to individuals who otherwise would not have been entitled to have the information disclosed to them in the first place.  In the event that the information referred to immediately above is disclosed to such individuals, the party failing to make the initial designation may request the receiving party to retrieve the documents and/or tangible things from such recipients.  The receiving party shall use its best

efforts to retrieve the documents and/or tangible things from such recipients.  The disclosing party shall not be required to identify recipients if it believes that doing so would reveal attorney work product or violate the attorney-client privilege. Furthermore, any party who has received re-classified information and has not agreed to be bound by this Order shall execute a statement (in the form of Exhibit A) averring that they have read and understand this Order and agree to be bound by its terms. Thereafter, the party failing to make the initial designation may seek relief from the Court.  In no event shall a disclosure of recipients be deemed a waiver of any privilege or immunity.

If a party decides to add a designation to any document previously produced without a designation, the producing party shall produce to the other parties substitute copies of such documents bearing the desired designation.  The parties to whom the substitute copies of such documents are produced shall substitute the later produced documents for the previously produced documents, and destroy or return to the producing party the previously produced documents.  The receiving party may challenge such redesignation through the procedure set out at paragraph 10.

## 15.   <u>Inadvertent Production of Privileged Information</u>

Inadvertent production of a privileged document or information or attorney work product does not constitute a waiver of such privilege, attorney work product status, or other protection.  If a party inadvertently produces documents or information that it considers privileged or otherwise protected from disclosure, in whole or in part, or learns of the production of documents or information that it believes privileged or otherwise protected from disclosure, the party may retrieve such documents or information as follows:

(a)   Within ten (10) business days of the date of discovering the production of privileged or protected information, the producing party shall give written notice to all other parties of the claim of privilege or other protection from

disclosure, the factual basis for asserting the claim, and that the production was inadvertent.

(b)     Upon the written notice of (a) above, the receiving party shall promptly return and/or certify destruction of the originals and all copies of the privileged or otherwise protected materials to the producing party.  In the event that only part of a document is claimed to be privileged or otherwise protected from disclosure, the party giving notice shall also furnish to the other parties who have received the document a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected.

(c)     The provisions of subparagraphs (a) and (b) above are without prejudice to any other rights any party may have with respect to challenging or defending any claim of privilege or protection from disclosure, and the provisions of this paragraph 15 shall not apply in the event the receiving party can show that the production of the document or information at issue was not inadvertent.  After the return and/or destruction of the documents, the receiving party may contest the producing party's claim(s) of privilege, work product, or other immunity from disclosure and submit such issue to the Court for determination.  That determination shall be made without regard to the fact that any such document has been produced.

### 16.  <u>Nonparty Reliance on Order</u>

In the event that a party seeks discovery from a non-party to this action, the non-party may invoke the terms of this Order with respect to any information provided to the parties by so advising the parties to this action in writing.  Any such non-party shall be permitted to appear in this action for purposes of protecting its rights under this Order.

### 17.  <u>No Waiver of Privilege</u>

Nothing in this Order shall be deemed a waiver of the attorney-client, work product, or any other privilege or immunity, or of the right of any party to this action to oppose production of any information or documents as being outside the scope of

[PROPOSED] ORDER RE JOINT STIPULATED PROTECTIVE ORDER

discovery authorized by the Federal Rules of Civil Procedure or otherwise.

**18.    Disclosure of Confidential Information to Unauthorized Person**

If Confidential Information is disclosed to any person other than those entitled to disclosure in the manner authorized by this Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the designating party in writing of such disclosure, use its best efforts to retrieve Confidential Information, and shall make every effort to prevent further disclosure by the unauthorized person(s).  Notwithstanding the foregoing, outside counsel of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of Confidential Information.  Nothing in this Order shall prevent a party from moving the Court for an order of contempt or other such relief for any violation of this Order.

**19.    Nonparty Requests for Information Subject to This Order**

If any party is subpoenaed in another action, served with a demand in another action to which it is a party, or is served by any legal process by one not a party to this action, seeking information that was designated as Confidential Information by someone other than that party, the party shall give written notice by hand or facsimile transmission within ten (10) business days of receipt of such subpoena, demand, or legal process to the party who designated the information, and shall object to its production to the extent permitted by law, setting forth the existence and terms of this Order.  Nothing herein shall be construed as requiring the party or anyone else covered by this Order to challenge or appeal any order requiring production of information subject to this Order, or subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

**20.    No Restriction on a Party's Use of Its Information**

Nothing herein is intended to prohibit or restrict in any way the use or distribution by a party, or by its employees, witnesses, experts, or attorneys, of its own information.

[PROPOSED] ORDER RE JOINT STIPULATED PROTECTIVE ORDER

**21.    Rendering Advice to Clients**

Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation and, in the course of rendering advice, relying generally on the examination of Confidential Information.  However, said attorney shall not disclose the specific contents of Confidential Information to persons not authorized to receive such material pursuant to this Protective Order.

**22.    Effective Date**

The parties agree that, pending approval by the Court, this Protective Order shall be effective as if approved and, specifically, that any violations of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court on the date of execution by counsel for the respective parties. This Order shall also govern any other action consolidated with the above-captioned action upon execution and submission to the Court by the consolidated parties without further order of the Court.

**23.    Amendment**

Either party may move the Court to amend this Order at any time.

**24.    Survival**

The terms of this Protective Order shall survive the conclusion of this litigation.


**IT IS SO ORDERED**, this 15th day of June, 2010.


*/s/John E. McDermott*    _____

UNITED STATES MAGISTRATE JUDGE

[PROPOSED] ORDER RE JOINT STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| HARD CANDY, LLC, a Florida limited liability company, | ) ) | Case No.  CV10- 2700 CAS (JEMx) |
| Plaintiff, | ) ) ) | **AGREEMENT TO BE BOUND BY** |
| vs. | ) ) | **PROTECTIVE ORDER** |
| SCOTT C. TUSCANI d/b/a "HARD CANDY", an individual residing in California, | ) ) ) ) | |
| Defendant. | ) ) | |

I, _____, declare and say that:

1.  I am employed as _____

by _____.

2.  I have read the Protective Order entered in Hard Candy, LLC v. Tuscani, Case No. CV10- 2700 CAS (JEMx), and have received a copy of the Protective Order.

3.  I promise that I will use any and all information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY," as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4.  I promise that I will not disclose or discuss information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY," with anyone other than the persons authorized under Sections 3 and 4 of the Protective Order.

5.  I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California

[PROPOSED] ORDER RE JOINT STIPULATED PROTECTIVE ORDER

with respect to enforcement of the Protective Order.

      6.   I understand that any disclosure or use of information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- COUNSEL ONLY," in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.


      I declare under penalty of perjury that the foregoing is true and correct.


      Date: _____

                          _____

[PROPOSED] ORDER RE JOINT STIPULATED PROTECTIVE ORDER